[Civ. No. 14682. Second Dist., Div. Three. Mar. 23, 1945.]

JOSEPH P. LINDEN, Respondent, v. FREDERICK EARL MOORE, Appellant.

Claude L. Welch for Appellant.

James M. Gammon for Respondent.

FOX, J. pro tem.—Plaintiff brought this action to dissolve an alleged partnership with the defendant and for an accounting. From a judgment for $2,194.72 in favor of plaintiff, the defendant appeals.

▇ Plaintiff is a chiropractor licensed to practice in California. The defendant, a layman, is alleged to own the patent rights upon a certain mechanical device, known by the trade name of ''Adomolator,'' used in the treatment of rupture. Plaintiff alleges that on or about May 1, 1942, he and defendant entered into an oral agreement for the purpose of selling and using the Adomolator in the treatment of rupture without the use of drugs or surgery. It was agreed according to the complaint that defendant should contribute the use of the said Adomolator and ''That plaintiff was to contribute his knowledge and skill as a chiropractor in the treatment of patients suffering from rupture by using said mechanical device and method of treatment.'' Plaintiff further alleged that each of the parties was to receive one-half of the net profits after the payment of current expenses. The court found these allegations were true since it found that all of the allegations of the amended complaint were true.

Defendant takes the position that the quoted allegation which the court found to be true means, in effect, that plaintiff agreed to and did contribute his professional services as a chiropractor to the partnership business. From this premise he argues that the arrangement involved the ''splitting of fees'' between a chiropractor and a layman, and that such a contract is void as against public policy. We do not, however, agree with defendant's premise, or the applicability of his legal proposition when the record is considered in its entirety.

▇ The agreement as to what plaintiff would contribute to the partnership, as revealed by the quoted allegation, is somewhat ambiguous. The agreement must therefore be interpreted in light of the purpose for which the partnership was formed. In this connection it is alleged that the parties entered into the agreement ''for the purposes of *selling and using* a certain mechanical device [the Adomolator] in the treatment of rupture.'' (Italics added.) ▇ It must also be presumed that the parties intended to enter into a legal, and not an illegal, transaction. Plaintiff did not undertake to give chiropractic treatments to the customers of the partnership. Rather, he was to use his expert knowledge and skill in treating rupture ''by using said mechanical device and method of treatment,'' and in making sales of said Adomolator. The fact that plaintiff had training and experi-

ence as a chiropractor was no doubt of great value to him in properly fitting the Adomolator on persons suffering from rupture and in making sales. ■ The agreement, on its face, which plaintiff alleged, was neither illegal nor contrary to public policy. It was, however, proper to admit evidence of the character of the services rendered by plaintiff for the partnership.

■ Any doubt as to whether the plaintiff was to render chiropractic services for the customers of the partnership is set at rest by the findings of fact. The defendant alleged in his answer that the plaintiff was: ". . . particularly to use his education, knowledge, skill and California State License to practice chiropractic in connection with the trusses aforesaid in the treatment and cure of patients suffering from rupture and hernia; that all patients so afflicted were to be so treated professionally by the plaintiff as a licensed Chiropractor under the fictitious firm name Adomolator Company."

Defendant also alleged the contract was illegal, and against public policy. The court found these allegations were untrue. The court also found that the plaintiff and defendant "entered into an oral agreement for the formation of a partnership to carry on the business of treating rupture by the use of a truss and a device called the Adomolator." There is no substantial conflict between these findings and the finding that all the allegations of the amended complaint are true. Furthermore, it is clear from the statement of the trial court which is set forth in the narrative statement on appeal (which does not, however, contain a summary of the evidence) that there was no substantial evidentiary foundation for a finding that plaintiff rendered chiropractic services for the customers of the partnership. On this point the court said at the conclusion of the trial, "Another basis for construing the contract is the construction by the parties themselves by their actual performance" and also that under the "overwhelming testimony before me, not only by the parties themselves, but by the witnesses presented, there wasn't any practice of chiropractic there." Consequently, there is no factually established basis for the application of defendant's proposition that the contract between the parties was illegal and contrary to public policy on the theory that it involved the splitting of fees between plaintiff and a layman.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.